UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GLENN GALASSO,[1] | : | |
| *Plaintiff*, | : | |
| | : | |
| v. | : | No. 3:23-cv-29 (VAB) |
| | : | |
| NEW HAVEN CORRECTIONAL | : | |
| CENTER et al., | : | |
| *Defendants*. | : | |

**INITIAL REVIEW ORDER**

Glenn Galasso ("Plaintiff"), an unsentenced inmate at the Connecticut Department of Correction's ("DOC") New Haven Correctional Center ("NHCC"), has filed a *pro se* Complaint under 42 U.S.C. § 1983.[2] Compl., ECF No. 1. He names as Defendants NHCC, two Correctional Officer John Does, and two Nurse John Does who allegedly work at NHCC. He requests only damages.

The Prison Litigation Reform Act requires that federal courts review complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Upon review, a court must dismiss the complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

---

[1] The Court respectfully requests the clerk to correct Plaintiff's name on the docket to Galasso. *See* Order, ECF No. 9 (Jan. 11, 2023).

[2] The Court may "take judicial notice of relevant matters of public record." *Giraldo v. Kessler*, 694 F.3d 161, 164 (2d Cir. 2012). The Connecticut DOC website reflects that Mr. Galasso was admitted to DOC on August 5, 2022, and remains an unsentenced inmate housed at NHCC. *See* http://www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=292945.

The Court has thoroughly reviewed all factual allegations in the Complaint and conducted an initial review of the allegations therein under 28 U.S.C. § 1915A.

For the foregoing reasons, the Complaint is **DISMISSED** without prejudice under 28 U.S.C. § 1915A(b)(1).

Mr. Galasso may file an Amended Complaint by **April 14, 2023**, if he can allege facts correcting the deficiencies identified in this order.

## I.     ALLEGATIONS

The Court does not include herein all of the allegations from the Complaint but summarizes the facts to provide a context to this initial review. The Court construes his Complaint as alleging the following.

Mr. Galasso alleges that Nurse Doe did not provide him with any medical treatment for two days after he tested positive for COVID-19. After he tested positive for COVID-19, Mr. Galasso was allegedly transferred to MacDougall Correctional Institution ("MacDougall"), where he stayed for approximately two weeks from August 19 through 31, 2022.

Plaintiff claims that the Correctional Officer and Nurse Doe Defendants did not take care of him for the two days between when he tested positive for COVID-19 and when he was transferred to MacDougall.

## II.     DISCUSSION

Section 1983 of Title 42 provides that "[e]very person who, under color of any statute . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

"The common elements to all § 1983 claims are: '(1) the conduct complained of must have been committed by a person acting under color of state law; and (2) the conduct complained of must have deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.'" *Lee v. City of Troy*, 520 F. Supp. 3d 191, 205 (N.D.N.Y. 2021) (quoting *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994)).

A.  **The Section 1983 claims NHCC**

Mr. Galasso has no legal basis to proceed under 42 U.S.C. § 1983 against NHCC because a state correctional institution, such as NHCC, is not a "person" subject to suit under § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *El-Massri v. New Haven Corr. Ctr.*, No. 3:18-cv-1249 (CSH), 2018 WL 4604308, at *11 (D. Conn. Sept. 25, 2018) ("A correctional institution is not a "person" within the meaning of 42 U.S.C. § 1983 so there is no arguable legal basis for proceeding with a § 1983 claim against NHCC").

Accordingly, any claims against NHCC under section 1983 will be dismissed as not plausible.

B.  **Section 1983 Claims against Individual Defendants**

Because publicly available information on the DOC website shows that Mr. Galasso was an unsentenced inmate at the time relevant this action, the Court will consider his deliberate indifference claims against the individual Doe Defendants under Fourteenth, rather than Eighth, Amendment standards. *See Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017) (deliberate indifference claims of sentenced inmates are considered under the Eighth Amendment while deliberate indifference claims of pretrial detainees are considered under the Fourteenth Amendment).

To prevail on either an Eighth Amendment or Fourteenth Amendment claim, a plaintiff must first satisfy an objective element that the conditions of confinement, "either alone or in combination, pose an unreasonable risk of serious damage to his health." *Darnell*, 849 F.3d at 30. The Fourteenth and Eighth Amendments differ, however, with respect to the second element required to establish a conditions of confinement claim. *Id.* at 32. Under the Fourteenth Amendment, a pretrial detainee must establish a "*mens rea*" element that "the defendant-official acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Id.* at 35. "[A] plaintiff must plead and prove 'that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'" *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)). Thus, Mr. Galasso's factual allegations must raise at least an inference that a Doe Defendant acted intentionally or recklessly by failing to act mitigate the risk to Mr. Galasso's health, of which the Defendant was aware or should have been aware. *Darnell*, 849 F.3d at 36.

"[C]orrectional officials have an affirmative obligation to protect inmates from infectious disease." *Jolly v. Coughlin*, 76 F.3d 468, 477 (2d Cir. 1996). As Mr. Galasso alleges that he contracted COVID-19, the Court assumes for purposes of initial review that he was exposed to a serious risk of harm.

Mr. Galasso alleges no facts, however, to suggest that any Doe Correctional Officer or Nurse was personally aware or should have been aware of any specific risk of harm to his health due to his contraction of the COVID-19 virus. *See Hunter v. Quiros*, No. 3:22-cv-1525 (VAB), 2023 WL 348111, at *4 (D. Conn. Jan. 20, 2023) (dismissing a conditions of confinement claim

4

because "it is not clear from the allegations whether Defendants Long, Doe, and Clebowicz were aware of and disregarded a substantial risk to Mr. Hunter, or merely acted negligently"); *cf. Gilhooly v. Quiros*, No. 3:21-CV-140 (SVN), 2022 WL 252410, at *9 (D. Conn. Jan. 27, 2022) (allowing a claim to proceed when the defendants were aware "that Plaintiff suffered from chronic symptoms indicating a serious medical condition, which was exacerbated when Plaintiff contracted COVID-19" and refused to assess or treat his symptoms for a period of two months).

Thus, the Complaint fails to suggest that any Defendant intentionally or recklessly failed to act with reasonable care to mitigate the risk of harm to Mr. Galasso posed by his illness. He states that he was the "victim of negligence in the DOC," but negligent conduct is not sufficient to support a claim of Fourteenth Amendment deliberate indifference. *Darnell*, 849 F.3d at 36 (explaining that second prong of the deliberate indifference standard under the Fourteenth Amendment standard applicable to claims of pretrial detainees "requires proof . . . that an official acted intentionally or recklessly, and not merely negligently").

In the absence of facts showing that any Doe Defendant was aware or should have been aware of any specific risk to Mr. Galasso's health, the Complaint does not allege any plausible claims of Fourteenth Amendment deliberate indifference.

### III.   CONCLUSION

For the foregoing reasons, the Complaint is **DISMISSED** without prejudice under 28 U.S.C. § 1915A(b)(1).

Mr. Galasso may file an Amended Complaint by **April 14, 2023**, if he can allege facts correcting the deficiencies identified in this order. Any Amended Complaint shall be filed by **April 10, 2023**. Mr. Galasso must allege facts to show the personal involvement in the constitutional violation for each Defendant against whom he seeks damages.

If an Amended Complaint is not filed by **April 14, 2023**, then this case may be dismissed.

**SO ORDERED** at Bridgeport, Connecticut, this 10th day of March, 2023.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE
